Plaintiff has appealed from a judgment of the Tompkins Trial Term of the Supreme Court in favor of defendants, and from an order denying his motion for a new trial. Plaintiff instituted this action in negligence to recover damages for the wrongful death of his daughter, Mary Judith Crowe, an infant nine years of age, who died as a result of injuries sustained by her on May 25, 1947, when she was struck by an automobile owned by defendant Howard E. Havens and driven, with the owner’s consent, by his son, the codefendant. At about 4:00 p.m. on the day in question, which was bright and clear, defendant Harold E. Havens was operating his father’s ear in an easterly direction on the Ithaea-Dryden State highway which is 22 feet, 10 inches wide. Plaintiff’s home is located on the south side of the highway.- Decedent and a younger sister approached this highway for the purpose of crossing to the northerly side. They were standing just off the paved portion waiting for traffic to pass. When the operator of the car was 750 feet away from the children he observed them. According to his own evidence he was traveling at a rate of speed of 45 miles per hour or more than 67 feet per second. He gave no warning of his approach nor did he reduce the speed of the ear. He testified that when he was within 10 feet of these children they attempted to pass in front of his vehicle and that he sounded his horn. He said: “ Well, I was right up awful close to them and they started going across the road and I hit the horn with my arm and the smallest girl stopped. The bigger girl, well, when I hit the horn, she had made a jump and I don’t know whether she made two steps or just the one.” His ear struck the decedent when she was slightly north of the center of the highway. Her body was seen flying through the air and landed in a nearby ravine. The record contains ample proof of the negligence of the operator of the ear. Defendants had the burden of establishing contributory negligence on the part of decedent. A finding of contributory negligence on the part of this child is against the weight of the credible evidence. In the interests of justice a new trial of the issues is required. The judgment and order appealed from are reversed on the law and facts and a new trial granted, with costs to appellant to abide the event. Foster, P. J., Heffernan, Brewster and Bergan, JJ., concur; Coon, J., taking no part.